TIMOTHY GROARK, Plaintiff-Appellant, v. LINDA ANDERSON, Special Adm'r of the Estate of Donald Barry, Defendant-Appellee.

First District (5th Division)   No. 1—90—1407

Opinion filed December 13, 1991.

Gary B. Friedman, Ltd., of Chicago (Anthony J. Basile, of counsel), for appellant.

Robert L. Bartolone and Sandra Young, both of Purcell & Wardrope, Chartered, of Chicago, for appellee.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Plaintiff filed suit for injuries resulting from a collision between plaintiff and defendant's car. Before trial, defendant died. At trial, the court precluded plaintiff from testifying, both as his own witness

and as defendant's adverse witness, to certain facts occurring in the presence of the deceased pursuant to the Dead Man's Act (Ill. Rev. Stat. 1981, ch. 110, par. 8—201). Defendant subsequently produced the only other occurrence witness, John Porter, who testified to facts occurring in the presence of the deceased. Plaintiff's counsel requested but was denied permission to recall plaintiff in order to rebut Porter's testimony. Instead, plaintiff submitted an offer of proof to preserve for review the testimony which plaintiff had been precluded from introducing to the jury. After deliberation, the jury found for the defendant. Plaintiff appealed. We consider whether the defendant waived the protection of the Dead Man's Act and whether the trial court improperly precluded plaintiff from presenting to the jury the testimony in the offer of proof.

We reverse and remand for a new trial.

Relevant to our disposition are the following facts as disclosed by the record. On July 4, 1982, Timothy Groark (plaintiff) suffered a fractured right knee and other injuries resulting from a collision with defendant's car. After plaintiff filed suit, defendant, Donald Barry, died, and Linda Anderson was named the special administrator of his estate.

Certain facts concerning plaintiff's injuries were not disputed. On the day of his injuries, plaintiff was at a neighborhood party at 3836 West 86th Place in Chicago. Fireworks were on display so barricades were used to prevent cars from traveling down 86th Place. At around 8 p.m., plaintiff and a friend, John Porter, heard a loud noise which sounded like two cars colliding. Plaintiff and Porter ran to the sidewalk on 86th Place to get the license plate number of one of the cars which was attempting to leave the scene. The driver of the car, Donald Barry, stopped short of the barricades and proceeded to back up going west on 86th Place. At this point, Porter was standing between two parked cars on the street. Plaintiff was in the street next to the car in front of Porter. Plaintiff yelled out the license plate number as Barry's car continued to back toward him. As Barry's car passed, plaintiff sustained his injuries.

At trial, there was a single, dispositive issue: whether Barry's car hit plaintiff causing the injuries or whether plaintiff kicked Barry's car causing the injuries.

Plaintiff produced three witnesses during his case in chief: Dr. Robert Miller, the physician who began treating plaintiff's injuries three days after the incident; Edward Goliak, a Chicago police officer who took statements after the incident; and plaintiff himself. Dr. Miller testified, in part, that the cause of plaintiff's injuries could not

have been caused by a kick unless the car was traveling at a relatively high rate of speed. Officer Goliak testified that when Barry appeared in his office to explain the incident, Barry stated that after he struck the car and then plaintiff, he became frightened and drove off. On cross-examination, Goliak admitted that based on Barry's statement he did not know whether Barry's car hit plaintiff or plaintiff kicked Barry's car.

Although plaintiff testified during his case in chief, the court precluded him from testifying to facts occurring in the presence of Barry pursuant to the Dead Man's Act (Act) (Ill. Rev. Stat. 1981, ch. 110, par. 8—201). For example, plaintiff's testimony opened with the following exchange with his counsel:

"Q. Did anything unusual occur on July 4, 1982?

A. I was struck by a vehicle."

Defense counsel immediately objected and requested a side bar. The attorneys argued whether the Act applied. The court decided the Act applied but offered plaintiff's counsel five minutes to find authority to the contrary. The record reflects that the court then struck both the question and answer.

Plaintiff continued to testify to the uncontested facts prior to sustaining his injuries. Plaintiff described the party, the barricades on the street, and the reason he was in the street when he was injured. Plaintiff also described his effort to seek medical attention; the extent of the injury to his knee; details of the doctor's treatment and recovery therapy; the inconvenience of having a cast on his leg; his recurring pain; and the effect of the injury on his life and family. Plaintiff was not allowed to testify that prior to his injury Barry's car was speeding backwards and fishtailing and that Barry's car hit him and he did not kick Barry's car.

After plaintiff rested, defendant moved for a directed verdict. Defendant argued that while there was evidence that there was contact between plaintiff and Barry's car, there was no evidence that Barry caused plaintiff's injuries. The court denied the motion.

Defendant called a total of four witnesses: plaintiff, who was called as an adverse witness under section 2—1102 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1102); Dr. Labanauskas, the emergency room resident who treated plaintiff; Dr. Maskin, a physician hired by defendant; and John Porter, plaintiff's friend.

Defense counsel asked plaintiff, as an adverse witness, one question: "Did the car hit you or did you kick the car?" Plaintiff answered, "The car hit me." Before cross-examination, the court ad-

vised plaintiff's counsel to limit the cross-examination to clarification of the single question. Counsel asked plaintiff, "What was the car doing when it struck you?" Defendant objected. Although plaintiff's counsel argued that the question was proper, the court did not allow the question. No further attempt was made at cross-examination.

Dr. Labanauskas testified that when plaintiff arrived at the emergency room plaintiff stated that he kicked the car. Dr. Maskin, after reviewing portions of plaintiff's medical records, testified that it was his opinion plaintiff suffered no injury.

John Porter testified that plaintiff kicked the car. He also testified during direct examination to facts addressing all of the following: Barry's driving maneuvers before and during impact, including the direction and operation of the car; the layout of 86th Place and the intersecting streets; a description of the path that he and plaintiff took from the party to the street; the precise location of the impact on the street; and the position and precise movements of plaintiff's body and knee before and during impact. On cross-examination, Porter testified that he could not estimate the speed of Barry's car but when pressed stated it was not a high speed. Porter denied that Barry's car was fishtailing. Plaintiff's counsel, in turn, presented Porter's pretrial deposition in which he stated the car fishtailed slightly. Porter responded that he did not recall making the statement. Porter added that at the time of the incident he was trying to help plaintiff and that it was not possible that plaintiff put his knee up to brace himself from the blow from Barry's car. Finally, Porter admitted that he had a conversation with plaintiff about being paid for his testimony but Porter insisted that the conversation was intended as a joke. On redirect, Porter stated that an attorney for the plaintiff called him before his deposition concerning his testimony.

After defendant rested, plaintiff's counsel moved to recall plaintiff to rebut Porter's testimony. The trial court again gave counsel five minutes to find supporting authority. However, after a short recess, plaintiff rested.

Defendant again moved for a directed verdict. The court reserved ruling on the motion.

Before closing arguments began the following morning, plaintiff moved to reopen the record to introduce plaintiff's rebuttal testimony. Plaintiff cited to subparagraph (a) of the Dead Man's Act as authority. (Ill. Rev. Stat. 1981, ch. 110, par. 8—201(a).) Defendant objected. The court allowed plaintiff to make an offer of proof to preserve for review plaintiff's rebuttal testimony. The offer of proof included, in part, plaintiff's testimony that Barry's car struck his knee causing the

injuries; that Barry drove the car backward 20 to 25 miles per hour; and that the car fishtailed.

After deliberation, the jury returned a verdict in favor of defendant. Plaintiff filed this appeal.

OPINION

■ In relevant part, the Illinois Dead Man's Act states:

"In the trial of any action in which any party sues or defends as the representative of a deceased person or person under a legal disability, no adverse party or person directly interested in the action shall be allowed to testify on his or her own behalf to any conversation with the deceased or person under legal disability or to any event which took place in the presence of the deceased or person under a legal disability, except in the following instances:

(a) If any person testifies on behalf of the representative to any conversation with the deceased or person under legal disability or to any event which took place in the presence of the deceased or person under legal disability, any adverse party or interested person, if otherwise competent, may testify concerning the same conversation or event." (Ill. Rev. Stat. 1981, ch. 110, par. 8—201(a).)

The purpose of the Act is to preclude introduction of testimony concerning events which only a deceased might have been able to contradict; however, subparagraph (a) permits the deceased's representative to waive the protection of the Act by introducing testimony concerning an event which occurred in the presence of the deceased; the waiver allows the opposing party to present testimony concerning the event so that the trier of fact does not formulate a one-sided picture of the event. *Goad v. Evans* (1989), 191 Ill. App. 3d 283, 547 N.E.2d 690.

In light of the above authority, defendant presents three alternative arguments as to why plaintiff is not entitled to a new trial. We address each argument separately.

■ First, defendant concedes having waived the protection of the Act as to the issue of whether Barry's car hit plaintiff or plaintiff kicked Barry's car, but defendant argues that the jury did not formulate a one-sided picture in this regard because testimony was presented on both sides of this issue. However, defendant denies having presented testimony concerning Barry's conduct prior to the collision and, therefore, plaintiff did not have the right to testify that Barry's car was speeding backwards 20 to 25 miles per hour and fishtailing.

In sum, defendant argues that the waiver of the Act as to one aspect of the event did not amount to waiver of the Act as to another aspect of the event.

The appellate court has addressed the scope of waiver of the Act in *Zorn v. Zorn* (1984), 126 Ill. App. 3d 258, 464 N.E.2d 879. There, a father purported to convey to his three children a remainder interest in a plot of property. After the father died, his wife filed suit to have the conveyance declared invalid on the ground of undue influence. The children were named as defendants. Prior to trial, the wife moved to preclude the testimony of the three children concerning conversations and transactions with the deceased pursuant to the Act. At trial, however, the wife called one of the children as an adverse witness and questioned her about events which took place in the presence of the deceased on the day of the conveyance. Defense counsel argued that the wife had waived the protection of the Act and, therefore, the child had the right to testify on cross-examination to conversations with the deceased occurring several months prior to the day of the conveyance. These conversations were intended to show that the deceased had requested the children to act as they had. The trial court precluded the cross-examination.

On appeal, the court traced the historical development of the meaning of the word "event" as it appears in the Act. The court concluded that the event in *Zorn* included "all of the connected incidents and conversations leading up to the signing of the deed." (*Zorn*, 126 Ill. App. 3d at 263, 464 N.E.2d at 883.) Therefore, defendant not only waived the Act as to the events occurring on the day of the conveyance, but defendant also waived the Act as to conversations occurring several months prior to that day. The preclusion of the child's cross-examination constituted reversible error. In closing, the court noted that the scope of waiver of the Act must be determined on a case-by-case basis and that the basic principle of relevancy should act as a restraint on the unbridled testimony of the opposing party.

Here, we hold that defendant's waiver of the Act was not limited to the testimony concerning whether Barry's car hit plaintiff or plaintiff kicked Barry's car. The waiver extended to all other facts prior to the collision which were relevant to the disposition of the case. Plaintiff's testimony that Barry's car was speeding backwards 20 to 25 miles per hour and fishtailing was relevant to whether Barry negligently caused plaintiff's injuries. Therefore, preclusion of such testimony, whether in the instance of plaintiff's cross-examination as an adverse witness or in the instance of counsel's request to recall plaintiff after Porter testified, amounted to reversible error.

■■ Second, defendant argues that the testimony in the offer of proof was cumulative. We disagree. For example, plaintiff was able to present to the jury evidence that Barry's car was fishtailing pursuant only to the cross-examination of Porter during which it was revealed that Porter had stated in a pretrial deposition that the car fishtailed slightly. Porter responded that he did not recall making the statement. We do not agree that plaintiff's affirmative testimony on this matter would have been cumulative.

■■ Third, defendant argues that if error occurred, it was harmless. We disagree. We believe that the preclusion of plaintiff's testimony in the offer of proof had a material effect on the result of the trial. For example, Porter, an occurrence witness, testified for the defendant that Barry's car did not hit plaintiff. However, plaintiff, also an occurrence witness, could have affected the credibility of Porter's testimony by presenting evidence that Barry's car fishtailed.

In conclusion, we hold that defendant waived the protection of the Act and that the trial court improperly precluded plaintiff from introducing to the jury the testimony in the offer of proof. Plaintiff is entitled to a new trial.

Reversed and remanded for a new trial.

GORDON and McNULTY, JJ., concur.