Andrew Skala, Appellee, v. Tom Lehon, Appellant.

Gen. No. 34,134.

Heard in the second division of this court for the first district at the February term, 1930. Opinion filed June 30, 1930.

MILLER, GORHAM & WALES, for appellant; EDWARD R. ADAMS and C. R. LARRABEE, of counsel.

FINN & MILLER, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an appeal from a judgment for $6,500 entered on a verdict for plaintiff in an action for personal injuries resulting from a collision between two automobiles at a short distance west of the west curb of Kedzie Avenue in 45th Street, plaintiff's car having come from the north and defendant's from the south.

When begun the suit named George Briner only as defendant, the driver of appellant's automobile and his servant but not referred to as such. Later, on leave given, appellant and the Lehon Company were added as defendants. The first count of the declaration charged them jointly with possession and control of the automobile and negligently propelling, operating and maintaining it. The sixth count charged as negligence a violation of the statute as to turning at the intersection of a public highway. The intervening numbered counts were subsequently eliminated by amendment.

Each defendant appeared and filed his plea of general issue. The Lehon Company filed also a special plea denying operation or ownership of the automobile. There was no specific allegation of ownership in any of the counts, and no question of variance arises.

Over two years after the accident the case went to trial. At its close the Lehon Company was dismissed out of the case on motion of the court, and Briner on motion of plaintiff. By leave of court plaintiff then filed an amended declaration in two counts only. The first differed from the first original count only in confining its allegations to appellant, and in stating that his propelling, operating and maintaining said auto-

mobile was by his servant and agent, George Briner, while acting within the scope of his authority. The second count also alleged such agency and relationship and charged the same negligence as the original sixth count.

To the declaration thus amended defendant Lehon's plea of general issue was permitted to stand and he filed a special plea denying Briner was his servant, and a plea of the two years' statute of limitation. Issue was joined on the first two pleas, and a demurrer was filed to the last and sustained. Both at the close of plaintiff's evidence and at the close of all the evidence Lehon's motion for a directed verdict was denied.

Claiming error in sustaining said demurrer it is urged that as thus amended the declaration stated a new and different cause of action. We cannot concur in that contention.

No doubt had the issues been submitted to the jury as to all defendants a verdict could, on the same proof, have been rendered against appellant alone and hence would necessarily rest upon the alleged cause of action. For ''in an action of tort under a declaration charging two or more defendants with jointly injuring a plaintiff there may be a verdict and recovery against one, only, of the defendants, the rule in this regard being different in actions of tort from what it is in actions upon contract.'' (*Linquist v. Hodges,* 248 Ill. 491, 495.) In such a case the charge as to the other defendants would be disregarded as surplusage (id.) and the cause of action would stand as if against the one alone. In other words the cause of action is the same whether the tortious act is charged against one or more.

Nor is it changed when one alone is charged with the negligence, whether directly or through his authorized servant or agent. It is a well established rule in common-law pleading that every act may and should

be alleged according to its legal effect (Gould's Pl. Ch. 3, sec. 161; *Livermore v. Herschell,* 3 Pick. 20 Mass. 33; *Bank of the Metropolis v. Guttschlick,* 14 Pet. (39 U. S.) 19; *Santo v. Maynard,* 57 Conn. 157, 160; *Sudworth v. Morton,* 137 Mich. 575) and that to show liability it is necessary to plead only ultimate facts. The ultimate fact here pleaded is that of negligently operating the automobile. As said in *Klugman v. Sanitary Laundry Co.,* 141 Ill. App. 422, referring to Chitty on Pleading: ''This may be alleged either by alleging that the defendant, by his servant, committed the act, or, without noticing the servant, by alleging that the defendant committed the act.'' For under the well known rule of *respondeat superior* the master is liable to answer for the conduct of his servant when the latter is acting within the scope of his employment. It is based upon the maxim, *qui facit per alium facit per se.* Pleading the legal effect of the act of the servant for which his principal is liable it has long been held sufficient in both actions *ex delicto* and *ex contractu* to allege the commission of the act by the principal. An early case frequently referred to in support of the doctrine is *Brucker v. Fromont,* 6 Term Rep. 658, 659, where it was held that an allegation that the defendant had negligently driven his cart against plaintiff's horse was supported by evidence that defendant's servant drove the cart. In *Bennett v. Judson,* 21 N. Y. 238, it was said: ''The same rule of law which imputes to the principal the fraud of the agent and makes him answerable for the consequences, justifies the allegation in pleading that the principal himself committed the wrong.'' The same rule was recognized in *Thompson v. Lillegaard,* 154 Minn. 142, 191 N. W. 405; *Conner v. Sullivan,* 84 Colo. 572, 272 Pac. 623, and also in *Gathemann v. City of Chicago,* 263 Ill. 292.

It logically follows, therefore, that a declaration charging only one with the commission of a tortious

act through his agent or servant, acting within the scope of his employment, states no different cause of action from one making no reference to such relationship, and no different from one charging him and others jointly with the same tortious act.

While eminent authorities may be cited in support of a different view, and have been followed by this court in other cases (*McHale v. McQuigg,* 236 Ill. App. 295; *Van Meter v. Gurney,* 240 Ill. App. 165; *Leber v. Lindenberg,* 244 Ill. App. 104; *Maly v. Iandola,* 249 Ill. App. 501), we think the greater weight and better reasoning support the conclusion above stated.

It was held in *Barran v. Adanick,* 251 Ill. App. 481, that a master and servant may be joined in an action in which damages are claimed on account of the negligence of the servant, the master being liable on the doctrine of *respondeat superior.* Numerous authorities in other jurisdictions, State and federal, are there reviewed and support that conclusion. Reference was there made to the conflict of authorities on the subject and that the question had not been directly passed upon by our Supreme Court. Application for certiorari in that case, however, was denied. If, as we think, the great weight of authority and better reasoning support the court's conclusion, we need not discuss the distinctions upon which a different theory rests. Suffice it to say if, as held in cases there and here cited, the master and servant may be held liable when sued jointly for the servant's negligence when the latter is acting in the line of his authority, and the master or servant may be held separately liable, whether their relationship be alleged or not, and a verdict and judgment will stand against one or more alleged joint tort-feasors it is difficult to see upon what reasonable theory a cause of action in which three joint tort-feasors, with no allegation of relationship, are charged with negligently operating an automobile,

is changed by charging the tortious act against only one of them through the agency of one of the others. We are not dealing here with evidence or a question of variance but with the identity of the cause of action. Its elements being the same, whether the declaration charges one or more with possession, operation and control of the automobile, or the master and servant jointly, or the master alone with or without mention of the relationship of servant or agent, we think the demurrer was properly sustained.

It is also urged that the evidence showed plaintiff was guilty of contributory negligence and that the verdict was against the manifest weight of the evidence. Both the question of negligence and the question of contributory negligence were fairly presented to the jury and as to neither can we say their finding was manifestly against the weight of the evidence. From a review of it we think it sufficiently tended to show that as defendant was approaching the intersection from the south, at a high rate of speed, behind a south bound street car which obscured plaintiff's sight of his automobile, he turned his car to the left from behind the street car northwest and close to the southwest corner of the intersection and thus into plaintiff's line of movement as he came into the intersection, where, under the circumstances, he had the right of way, and so suddenly and unexpectedly as to create an emergent situation for plaintiff's exercise of judgment, with respect to which, whether erroneous or not, defendant was in no position to complain. As said in *Wesley City Coal Co. v. Healer*, 84 Ill. 126: "It has long been settled, that a party having given another reasonable cause for alarm cannot complain that the person so alarmed has not exercised cool presence of mind, and thereby find protection from responsibility from damages resulting from the alarm." In *Chicago & Alton R. Co. v. Becker*, 76 Ill. 25, it was also said: "In such a case, it would be against the common judg-

ment of mankind to hold the injured party either morally or legally responsible for contributory negligence.'' It appears that when plaintiff was thus suddenly confronted with defendant's car crossing to the left side of Kedzie Avenue and across his path, to avoid injury he turned his car southwestward into 45th Street and the collision took place near its center. We deem it unnecessary to consider whether he erred in judgment in view of the fact that he had to act in a sudden emergency, and his act is not to be viewed in the light of after events but judged under all the circumstances by the standard of what a prudent person would have been likely to do under the same circumstances. (*Barnes v. Danville Street Ry. Co.*, 235 Ill. 566, 571.)

In his argument appellant seeks to demonstrate the impossibility, according to the law of physics, of the occurrence taking place in the manner testified to by appellee's witnesses. We shall not attempt to follow the line of reasoning. It involves accepting as absolutely accurate the testimony of certain witnesses as to speed, distances and relative positions, none of which in the excitement of such an occasion is likely to be definitely noted or retained in memory, and as to none of which the jury is required to agree in reaching a verdict as to liability. (*Nelson v. Fehd*, 203 Ill. 120, 125.) Accidents of this sort happen so instantaneously and unexpectedly as to render the observation and statement of all necessary facts and circumstances for the application of the law of physics too uncertain from which to draw reliable conclusions.

We think the evidence unquestionably sustains the charge of negligence and is not such that we can say plaintiff was guilty of contributory negligence.

The judgment is affirmed.

*Affirmed.*

SCANLAN, P. J., and GRIDLEY, J., concur.