BONNIE MITCHELL, Plaintiff-Counterdefendant-Appellant *v.* ROBERT RALSTON, Defendant-Counterplaintiff-Appellee.

(No. 11176 )

Fourth District—February 2, 1971.

Yoder, Yoder & Luedtke, of Bloomington, (John Luedtke, of counsel,) for appellant.

Costigan & Wollrab, of Bloomington, (Guy C. Fraker, of counsel,) for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

This appeal arises from an order of the Circuit Court of McLean County granting defendant's motion for summary judgment and the judgment entered thereon for defendant in a personal injury automobile collision action. The sole issue is whether the trial court was correct in ruling that there was no triable issue of fact and in entering summary judgment for defendant.

Defendant's motion for summary judgment was supported by attached exhibits of depositions of plaintiff, her driver, and of certain witnesses. Plaintiff's answer to such motion had attached exhibits of depositions of

defendant and others. After the summary judgment was granted, plaintiff filed a motion to vacate the judgment which had attached photographs of the accident scene and of plaintiff's car.

Plaintiff, Bonnie Mitchell, aged 21 years, the owner of a 1962 Fiat, and her girl friend, Christina Melvin, aged 22 years, were involved in a two-car accident on December 12, 1964, near the intersection of U.S. Route 66 and Hudson Road, three miles south of Lexington, McLean County, Illinois.

Route 66 runs generally north and south and the Hudson Road east and west. Both roads, however, angle in a northeast by southwest direction. Route 66 consists of two northbound and two southbound paved lanes, divided by a grass median approximately as wide as two traffic lanes. Hudson Road is a two-lane blacktop. A paved crossover exists where the roads intersect between the four lanes of Route 66. The crossover is twenty to twenty-five feet from north to south and fifteen feet from east to west. There is a five-foot shoulder on the right-hand or west side of the southbound lanes on Route 66.

A Stuckey's Gift Shop and Service Station is located at the northwest corner of the intersection. Access to this shop and station is by a lane or service road extending north from the Hudson blacktop. There is no direct access to or from Route 66.

Plaintiff and the driver of her car, Christina Melvin, had lived together in Topeka, Kansas, and were on their way from Topeka to Richmond, Virginia, via Chicago or Detroit. The two girls had stopped for lunch at Bloomington, Illinois. Christina then began driving, with plaintiff sitting in the front seat.

Defendant, Robert Ralston, driving his 1964 Ford in a southerly direction on U.S. Route 66, in the right or westerlymost driving lane, approached the Hudson Road intersection. At this time his car was being passed by a car driven by Ronald Moore, traveling in the passing or easterlymost southbound lane of Route 66. Plaintiff and Christina, headed northbound on the northbound lanes of Route 66, decided to stop at Stuckey's. Christina turned into the passing lane, reducing her speed to 35 to 40 m.p.h., signaled a left-hand turn and turned left into the crossover between the north and southbound lanes. There being no entrance into Stuckey's at this intersection, Christina turned the Fiat to the right or north, then northeast, heading back toward the crossover. A collision occurred between plaintiff's car and defendant's car some short distance north of the intersection and in the southbound driving lane.

After the impact plaintiff's car came to rest on its right side in the passing southbound lane and north of the crossover. Defendant's car was

on the grass shoulder to the right of the southbound driving lane. The Fiat was damaged on its left-front side and the Ford across the front end.

Plaintiff, in her deposition, stated she did not know how fast her car was going at the time of the collision, but estimated defendant's car speed at 70 to 75 m.p.h. Christina remembered nothing about the occurrence. Plaintiff recalled seeing defendant's car for a second before the impact, but stated she saw no other cars.

Defendant, in his deposition, stated he was driving not over 60 m.p.h., approaching the intersection, headed south, being passed by a car driven by Moore in the inside or left-hand, south-bound passing lane, when he first saw plaintiff's car about 50 to 60 feet ahead headed north on the center line separating the two southbound lanes. He estimated the speed of the plaintiff's car at 20 m.p.h. He said he did not see it come through the crossover, but saw it for the first time in the southbound lanes headed right at him.

Witness Ronald Moore and his wife, Mary Moore, testified in deposition that Ronald was driving his Buick south on Route 66, passing defendant at the time of the occurrence. His speed was 65 to 70 m.p.h. and he stated that defendant was going 60 to 65 m.p.h. when Moore pulled out to pass. Moore was about 70 to 80 feet north of the intersection when he first saw the Fiat, which then was in its northbound lane, going about 40 m.p.h. He stated that the Fiat did not stop in the crossover but headed northwest into the southbound lanes and turned north up the southbound lanes. He pulled his car off on the left shoulder of the easterlymost southbound lane.

Witness Larry Seals, an employee at Stuckey's, testified in his deposition that he saw the accident occur; and that the Fiat came from the northbound passing lane into the crossover in a northwesterly direction and started north in the southbound passing lane. He placed the impact point about two car-lengths north of the intersection and in the southbound lanes and the speed of defendant's car at less than 70 m.p.h.

Under section 57(3) of the Illinois Civil Practice Act (Ill. Rev. Stat. 1963, ch. 110, par. 57(3)), summary judgment is to be granted, upon motion, if the pleadings, depositions, admissions on file, and affidavits show there is no genuine issue as to any material fact.

Defendant here contends that he was free of negligence as a matter of law and that there is no genuine dispute as to any material fact. Plaintiff contends that material facts of defendant's speed, lookout, and control and direction of her car at impact are in dispute. Further, plaintiff contends that even if these fact questions are not considered to be in dispute, defendant is not entitled to summary judgment, for

fair-minded men might differ in determining the reasonableness of both plaintiff's and defendant's conduct under the facts here.

■■ Summary judgment is not to be so used as to pre-empt the jury from trying material fact issues since to do so would deprive a party of his constitutional right to trial by jury. The principles of proper use of the summary judgment procedure have been laid down in numerous cases. See *Lumbermens Mut. Cas. Co. v. Poths* (2nd Dist. 1968), 104 Ill.App.2d 80, 243 N.E.2d 40.

■■ Negligence cases involving the question of the reasonableness of an individual's conduct are within the scope of summary judgment, as is any other case. Thus, the issue of contributory negligence was decided by summary judgment procedure in *Witzig v. Illinois Power Co.* (4th Dist. 1969), 114 Ill.App.2d 139, 251 N.E.2d 902 and *Tuohey v. Yellow Cab Co.* (1st Dist. 1962), 33 Ill.App.2d 180 N.E.2d 691. The question of negligence of a defendant was so determined by summary judgment in *Brooks v. Dean Berenz Asphalt Co.* (4th Dist. 1967), 83 Ill.App.2d 258, 227 N.E.2d 100.

■■ This case is similar to *Sjostrom v. Sproule* (1st Dist. 1962), 34 Ill. App.2d 338, 181 N.E.2d 379 and *Sughero v. Jewel Tea Co.* (1st Dist. 1966), 66 Ill.App.2d 353, 214 N.E.2d 512, *aff'd* (1967), 37 Ill.2d 240, 226 N.E.2d 28, where the driver was confronted with a sudden emergency. Upon the depositions and pleadings before the court in the instant case, the defendant was not negligent as a matter of law. The trial court correctly granted defendant's motion for summary judgment.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.