MARY WILMERE, Special Adm'r of the Estate of Keith Wilmere, Deceased, *et al.*, Plaintiffs-Appellants, v. SHEILA STIBOLT *et al.*, Defendants-Appellees.

First District (4th Division)    No. 86—0432

Opinion filed February 11, 1987.—Rehearing denied March 19, 1987.

Nicholas Liontakis, of Nicholas Liontakis, Ltd., of Homewood, for appellants.

French, Rogers, Kezelis & Kominiarek, of Chicago (Jerome M. Brooks and Russell P. Veldenz, of counsel), for appellee Sheila Stibolt.

Orner & Wasserman, of Chicago (Norton Wasserman and Esther Joy Schwartz, of counsel), for appellee Marian L. Dykstra.

Victor J. Piekarski and Michael Resis, both of Querrey, Harrow, Gulanick & Kennedy, of Chicago, for appellee Joyce V. Straley.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiffs, Mary Wilmere (in her capacity as special administrator of the estate of Keith Wilmere), Edward and Mary Wilmere (decedent's parents), and John and Brian Wilmere (decedent's brothers), brought wrongful death and survival actions in the circuit court of Cook County against defendants, Sheila Stibolt, Marian L. Dykstra, and Joyce V. Straley. Plaintiffs sought damages for injuries arising out of an automobile accident between decedent and defendants.

The original complaint contained counts brought under the Survival Act (Ill. Rev. Stat. 1983, ch. 110½, par. 27—6) by decedent's parents and brothers. The trial court dismissed the original complaint containing these counts, holding that the proper party to maintain an action under the Survival Act is the administrator or executor of an estate and not a decedent's survivors. The trial court later granted defendants' motions for summary judgment. Plaintiffs appeal, contending that (1) only a decedent's survivors can maintain an action

under the Survival Act, and (2) that the trial court erred in granting defendants' motions for summary judgment.

We affirm.

The automobile accident from which this lawsuit arose occurred on Route 54, also known as Governor's Highway, approximately 100 to 200 feet north of 219th Street in Matteson, Illinois. Governor's Highway has four lanes, two northbound and two southbound, separated by a double yellow line. The posted speed limit is 45 miles per hour.

The record shows that on March 18, 1983, at approximately 7:45 a.m., decedent traveled on Route 54 in the inner southbound lane. Stibolt traveled in the inner northbound lane; Dykstra traveled behind Stibolt in the same lane. Straley drove in the outer northbound lane. Decedent's vehicle crossed the double line, swerving from the inner southbound lane to the inner northbound lane, and collided with Stibolt's vehicle. Decedent's vehicle then collided with Dykstra's vehicle, then with Straley's automobile. The parties agree that all three collisions occurred in a matter of seconds. Keith Wilmere later died as a result of the injuries he received from the accident.

The trial court appointed decedent's mother as special administrator of his estate. On May 26, 1983, the special administrator, with decedent's parents and brothers, filed a complaint pleading several causes of action against defendants. The complaint contained a wrongful-death action against defendants brought by the special administrator, a survival action brought by decedent's parents and brothers, and an action brought by decedent's parents to recover the expenses they incurred resulting from his injuries and death. Dykstra moved to dismiss the survival actions, contending that decedent's parents and brothers could not properly bring a survival action. The trial court granted the motion on August 25, 1983.

Plaintiffs then filed a first amended complaint pleading the same causes of action with the same allegations, except that the survival actions were brought by the special administrator. All three defendants filed counterclaims against decedent's estate. Following discovery, defendants moved for summary judgment. The trial court granted summary judgment for defendants on January 4, 1986. Plaintiffs appeal.

I

Plaintiffs first contend that the trial court erred in dismissing those counts of the complaint that pleaded survival actions brought by decedent's parents and brothers. Plaintiffs claim that only a dece-

dent's survivors can maintain an action under the Survival Act.

The Survival Act provides, in pertinent part, as follows:

"Sec. 27—6. Actions which survive.

In addition to the actions which survive by the common law, the following also survive: actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property ***." Ill. Rev. Stat. 1983, ch. 110½, par. 27—6.

■ The law has always recognized that a person who survives an injury may bring a common law or statutory action against the party whose wrongful conduct caused the injury. At common law, however, the same action would abate upon death of the injured person. To remedy this injustice, our legislature enacted a survival statute in 1872 (1872 Ill. Laws 108-09) to allow an action, to recover damages for an injury to the person, to survive the death of the injured person. "The Survival Act does not create a statutory cause of action. It merely allows a *representative* of the decedent to maintain those statutory or common law actions which had already accrued to the decedent before he died." (Emphasis added.) *National Bank v. Norfolk & Western Ry. Co.* (1978), 73 Ill. 2d 160, 172, 383 N.E.2d 919, 923.

■ Further, an administrator generally acquires the legal title to, and the right to possession of, the personal assets of a decedent's estate. Title vests in the personal representative as a quasitrustee for the use of the creditors, distributees, and legatees. The relationship between the administrator of an estate and a beneficiary is that of trustee and *cestui que trust* and is fiduciary in character. (*Boghosian v. Mid-City National Bank* (1960), 25 Ill. App. 2d 455, 459-60, 167 N.E.2d 442, 444.) The rule in this State, therefore, is that the executor or administrator of a decedent's estate has standing to file suit on behalf of the decedent, but the legatees, heirs, and devisees have no such standing. *McGill v. Lazzaro* (1980), 92 Ill. App. 3d 393, 395, 416 N.E.2d 29, 31.

Plaintiffs, however, contend that a decedent's survivors are the sole persons who can maintain an action under the Survival Act. The only authority that they cite for this proposition is *Murphy v. Martin Oil Co.* (1974), 56 Ill. 2d 423, 308 N.E.2d 583. Plaintiffs argue that in *Murphy*, the administrator brought a wrongful-death action and the decedent's survivors brought an action under the Survival Act.

Plaintiffs' reliance on *Murphy* is misplaced. *Murphy* did not change the long-standing rule giving an executor or administrator the sole responsibility for bringing an action on behalf of a decedent's estate; that case did not question the rule or even raise the issue. *Mur-*

*phy* held only that the Wrongful Death Act was not the exclusive remedy when injuries cause death and that a plaintiff could recover under the Survival Act for a decedent's conscious pain and suffering between the time of injury and death. (56 Ill. 2d 423, 430-32, 308 N.E.2d 583, 586-87.) Further, the sole plaintiff in *Murphy* was the administrator of her husband's estate.

■■ We additionally note that in our earlier reference to *National Bank v. Norfolk & Western Ry. Co.*, our supreme court referred to a "representative" of a decedent maintaining those statutory or common law actions that had already accrued to the decedent before death. (*National Bank v. Norfolk & Western Ry. Co.* (1978), 73 Ill. 2d 160, 172, 383 N.E.2d 919, 923.) Plaintiffs dismiss this reference as mere *dictum*. We disagree. The general rule that only the administrator or executor of a decedent's estate has standing to sue on behalf of the decedent and not the survivors, coupled with our supreme court's use of the word "representative" in referring to the Survival Act, lead us to conclude that only the administrator or executor of a decedent's estate, and not the decedent's survivors, can maintain an action on behalf of the decedent under the Survival Act. Accordingly, we uphold the trial court's dismissal of those counts of the complaint that pleaded survival actions brought by decedent's parents and brothers.

## II

Plaintiffs next contend that the trial court erred in granting defendants' motion for summary judgment. Plaintiffs claim that a genuine issue of material fact existed as to whether any of defendants was at least 1% negligent immediately before decedent crossed the center line on Route 54 on the day in question.

■ ■ When a plaintiff appeals from a trial court's order of summary judgment for a defendant, the only issue on appeal is whether "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005.) If the documents that the trial court considers show that there is a genuine issue as to any material fact, summary judgment should not be granted. In ruling on a motion for summary judgment, the trial court must construe the pleadings, depositions, and affidavits in the light most favorable to the nonmoving party. If fair-minded persons could draw different conclusions from the evidence, the issues should be submitted to a jury to determine what conclusion seems most reasonable. Conversely,

when the evidence shows that no material issues of fact has been raised, the moving party is entitled to judgment as a matter of law. (*Artis v. Fibre Metal Products* (1983), 115 Ill. App. 3d 228, 231-32, 450 N.E.2d 756, 758.) Further, negligence cases involving the question of the reasonableness of an individual's conduct are within the scope of summary judgment, as is any other case. *Mitchell v. Ralston* (1971), 130 Ill. App. 2d 759, 762, 266 N.E.2d 424, 426.

After reviewing the record in the instant case, we conclude that the trial court did not err in granting summary judgment for defendants. The record shows that defendants all were in their own lanes and traveling at the posted speed limit. The general principle is that " 'a party having given another reasonable cause for alarm cannot complain that the person so alarmed has not exercised cool presence of mind, and thereby find protection from responsibility from damages resulting from the alarm.' " (*Skala v. Lehon* (1930), 258 Ill. App. 252, 258, quoting *Wesley City Coal Co. v. Healer* (1876), 84 Ill. 126, 129.) Courts, therefore, do not view a party's acts with hindsight, but under all the circumstances by the standard of what a prudent person would have been likely to do under the same circumstances. *Lesperance v. Wolff* (1979), 79 Ill. App. 3d 136, 141, 398 N.E.2d 360, 364, quoting *Skala v. Lehon* (1930), 258 Ill. App. 252, 258.

■■ ■ Illinois courts have long held, therefore, that a sudden swerve into a defendant's right-of-way by an approaching vehicle does not give rise to negligence by the defendant. (*E.g., Sjostrom v. Sproule* (1962), 34 Ill. App. 2d 338, 344-46, 181 N.E.2d 379, 382-83, *relied upon in Mitchell v. Ralston* (1971), 130 Ill. App. 2d 759, 762, 266 N.E.2d 424, 426.) Conversely, courts have held that a sudden swerve into a plaintiff's right-of-way by an approaching vehicle does not give rise to contributory negligence by the plaintiff. *Lesperance v. Wolff* (1979), 79 Ill. App. 3d 136, 141, 398 N.E.2d 360, 364.

■■ Plaintiffs stress that Illinois has adopted the doctrine of comparative negligence in its pure form. (*Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886.) Plaintiffs argue, therefore, that summary judgment would be improper if a genuine issue of material fact existed as to whether any defendant was guilty of negligence that contributed to the accident, even if the contribution was only 1%. However, "the happening of an accident, of itself, does not raise any presumption of negligence on the part of the defendant." (*Fahrforth v. Kwiatkowski* (1967), 79 Ill. App. 2d 300, 303, 224 N.E.2d 641, 643.) Further, the adoption of comparative negligence did nothing to the sufficiency of proof required to establish a defendant's negligence and also did not abolish the elements of a negligence cause of action; a plaintiff still

must prove these elements. *Lucker v. Arlington Park Race Track Corp.* (1986), 142 Ill. App. 3d 872, 875, 492 N.E.2d 536, 539.

■ Plaintiffs attempt to manufacture genuine issues of material fact from the evidence and contradictory inferences arising from the evidence to defeat a summary judgment. These issues and inferences include the speed of defendants' vehicles in relation to the weather and traffic conditions at that time and whether defendants kept a proper lookout for oncoming vehicles. Although a trial court should construe the facts liberally in favor of the nonmovant in considering a motion for summary judgment, the court need not strain to adduce some remote factual possibility that will defeat the motion. (*Erasmus v. Chicago Housing Authority* (1980), 86 Ill. App. 3d 142, 145, 407 N.E.2d 1031, 1033.) Accordingly, we uphold the trial court's grant of summary judgment for defendants.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McMORROW, P.J., and JIGANTI, J., concur.