DEANNA WILLIAMS, a Minor, by and through her Mother and Next Friend, Tereatha Williams Knox, Plaintiff-Appellant, v. MARILYN ELKIN, Special Adm'r of the Estate of James F. Elkin, Deceased, Defendant-Appellee.

First District (2nd Division)    No. 1—90—3665

Opinion filed December 8, 1992.

Barclay & Damisch, Ltd., of Chicago (Mark W. Damisch, of counsel), for appellant.

Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, James K. Horstman, Thomas F. Cameli, and Lloyd E. Williams, Jr., of counsel), for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

Just before 1 a.m. on June 16, 1985, a Buick which was being driven by plaintiff, Deanna Williams, collided on Vollmer Road in Olympia Fields, Illinois, with a Ford which was being driven by James F. Elkin. Plaintiff was severely injured in the collision, and Elkin died from injuries he sustained in the accident. Plaintiff subsequently sued Elkin's estate to recover for her injuries.

Defendant was awarded summary judgment, supporting her motion with the discovery depositions of Edward Kilcullen and Officer Lytheria O'Connor. In opposition to the motion, plaintiff presented her own deposition, but the trial court ruled it inadmissible under the Dead Man's Act (Ill. Rev. Stat. 1989, ch. 110, par. 8—201), and gave it no consideration.

Kilcullen testified that he was driving westbound on Vollmer Road, approaching Western Avenue, when he saw plaintiff's Buick stopped in the westbound lane at the intersection, facing a green light in her favor. Kilcullen reached the intersection after the light

turned red and he pulled up next to plaintiff.[1] When the light turned green again plaintiff drove off, reaching a speed of about 40 to 45 miles per hour and getting about 15 car lengths ahead of Kilcullen. According to Kilcullen, the Buick "started to move to the left—just kind of eased its way over to its left." Kilcullen saw Elkin's Ford approaching in the eastbound lane, "it was clearly visible," and he also observed the Buick go "about halfway across what was a double line in the road." The Ford and the Buick were about 20 car lengths apart when the Buick crossed the center line. The Ford had its low beam headlights on and both lights were working. Kilcullen sped up, "blinked" his lights, and "sounded" his horn in an effort to alert plaintiff that she was across the center line, heading into oncoming traffic. Kilcullen was "something less than 10 car lengths behind the Buick when the two cars collided head on. He estimated that he saw the Ford for 10 seconds, and that the Buick was partially in the eastbound lane for three to four seconds before the crash. Kilcullen heard no screeching of brakes and no horns, other than his own, prior to impact.

Officer O'Connor stated in his deposition that he arrived at the scene about 10 minutes after the accident. It was a dry, clear night, with visibility "very good at a great distance," with "natural light from the moon." The road surface was excellent. There were no tire marks or skid marks at or near the scene of the accident. Elkin appeared to be dead, and plaintiff was trapped in her car, semiconscious. He found the Buick at about a 45-degree angle to the direction of traffic "the point of the front bumper back to *** the bottom of the windshield" was over the double line. The Ford was entirely off of the road on the shoulder south of the eastbound lane, at a 90-degree angle to the direction of traffic. He saw considerable debris from the accident in the eastbound lane.

Although plaintiff contended in the circuit court and in her brief on appeal that her testimony would be admissible against defendant, her counsel conceded in oral argument before this court that under the Dead Man's Act plaintiff's testimony regarding the events which took place immediately prior to and at the time of the accident would be inadmissible except as to the remaining defendants in this case, *viz.*, the County of Cook, the Village of Olympia

---

[1] Vollmer Road, at its intersection with Western Avenue, has four lanes; almost immediately west of Western, Vollmer becomes a two-lane thoroughfare again, as it is shortly before it intersects with Western.

Fields, Miller Car Rental, Inc., and Michael Miller, as to whom plaintiff's case is still pending in circuit court.

"When a plaintiff appeals from a trial court's order of summary judgment for a defendant, the only issue on appeal is whether 'the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005.) If the documents that the trial court considers show that there is a genuine issue as to any material fact, summary judgment should not be granted. In ruling on a motion for summary judgment, the trial court must construe the pleadings, depositions, and affidavits in the light most favorable to the nonmoving party. If fair-minded persons could draw different conclusions from the evidence, the issues should be submitted to a jury to determine what conclusion seems most reasonable. Conversely, when the evidence shows that no material issues of fact has [*sic*] been raised, the moving party is entitled to judgment as a matter of law. (*Artis v. Fibre Metal Products* (1983), 115 Ill. App. 3d 228, 231-32, 450 N.E.2d 756, 758.) Further, negligence cases involving the question of the reasonableness of an individual's conduct are within the scope of summary judgment, as is any other case. *Mitchell v. Ralston* (1971), 130 Ill. App. 2d 759, 762, 266 N.E.2d 424, 426." *Wilmere v. Stibolt* (1987), 152 Ill. App. 3d 642, 646-47.

In *Wilmere*, which the trial court in the instant case held to be controlling in it awarding summary judgment to defendant, the plaintiff swerved out of his lane into oncoming traffic and collided with three vehicles, driven by the three defendants. The parties agreed that all three collisions occurred "in a matter of seconds." (*Wilmere*, 152 Ill. App. 3d at 644). In affirming summary judgment for defendants the court stated:

"The general principle is that ' "a party having given another reasonable cause for alarm cannot complain that the person so alarmed has not exercised cool presence of mind, and thereby find protection from responsibility from damages resulting from the alarm." ' (*Skala v. Lehon* (1930), 258 Ill. App. 252, 258, quoting *Wesley City Coal Co. v. Healer* (1876), 84 Ill. 126, 129.) Courts, therefore, do not view a party's acts with hindsight, but under all the circumstances by the standard of what a prudent person would have been likely to do

under the same circumstances. *Lesperance v. Wolff* (1979), 79 Ill. App. 3d 136, 141, 398 N.E.2d 360, 364, quoting *Skala v. Lehon* (1930), 258 Ill. App. 252, 258.

Illinois courts have long held, therefore, that a sudden swerve into a defendant's right-of-way by an approaching vehicle does not give rise to negligence by the defendant. (*E.g., Sjostrom v. Sproule* (1962), 34 Ill. App. 2d 338, 344-46, 181 N.E.2d 379, 382-83, *relied upon in Mitchell v. Ralston* (1971), 130 Ill. App. 2d 759, 762, 266 N.E.2d 424, 426.) Conversely, courts have held that a sudden swerve into a plaintiff's right-of-way by an approaching vehicle does not give rise to contributory negligence by the plaintiff. *Lesperance v. Wolff* (1979), 79 Ill. App. 3d 136, 141, 398 N.E.2d 360, 364.

Plaintiffs stress that Illinois has adopted the doctrine of comparative negligence in its pure form. (*Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886.) Plaintiffs argue, therefore, that summary judgment would be improper if a genuine issue of material fact existed as to whether any defendant was guilty of negligence that contributed to the accident, even if the contribution was only 1%. However, 'the happening of an accident, of itself, does not raise any presumption of negligence on the part of the defendant.' (*Fahrforth v. Kwiatkowski* (1967), 79 Ill. App. 2d 300, 303, 224 N.E.2d 641, 643.) Further, the adoption of comparative negligence did nothing to the sufficiency of proof required to establish a defendant's negligence and also did not abolish the elements of a negligence cause of action; a plaintiff still must prove these elements. *Lucker v. Arlington Park Race Track Corp.* (1986), 142 Ill. App. 3d 872, 875, 492 N.E.2d 536, 539." *Wilmere*, 152 Ill. App. 3d at 647-48.

In this case Kilcullen's deposition testimony was that one-third to one-half of plaintiff's car was across the center line, in the eastbound lane, for only three to four seconds before the crash. Elkin's car had its low beam headlights on. Plaintiff's speed as she approached Elkin's car was 40 to 45 miles per hour. When Officer O'Connor arrived at the scene 10 minutes after the accident, he found plaintiff's car well over the double line of the roadway, at a 45-degree angle; and Elkin's car was on the shoulder of the road, south of the eastbound lane, at a 90-degree angle to the direction of traffic. There was considerable debris from the accident in the eastbound lane.

■ We agree with the trial court that Kilcullen's and O'Connor's testimony fails to point to any evidence of negligence attributable to Elkin; it shows only that the cause of the accident was plaintiff's abrupt invasion of the opposite side of the highway. But liability, unlike the Goddess Athena of Greek mythology, does not spring fully armed from the brow of Zeus. Negligence cannot be presumed; it is hornbook law, requiring no citation of authority, that it must be proved by the party alleging it. It is also first-year core curriculum in our law schools that a plaintiff who fails to establish the essential element of proximate cause has not presented a *prima facie* case of tort liability.

Consequently, we hold that the trial judge here was correct in relying upon *Wilmere* and the authorities cited therein, which hold that an incursion of but a very few seconds into a driver's right-of-way by another vehicle approaching from an opposite lane does not warrant the conclusion that the offended driver must have been guilty of negligence for the accident to have happened. Nor, as a matter of law, can the offended driver be held guilty of contributory negligence. *Lesperance v. Wolff* (1979), 79 Ill. App. 3d 136, 141.

The issue in this case is whether there was any act or omission on Elkin's part that could be considered the proximate cause of the collision and plaintiff's injuries. We agree with the trial court that there is no triable issue of material fact regarding whether defendant was guilty of negligence with respect to plaintiff.

Accordingly, we affirm the judgment of the circuit court.

Affirmed.

DiVITO, J., concurs.

JUSTICE McCORMICK, dissenting:

The issues presented in this case are whether, notwithstanding plaintiff's culpability, Elkin could have done anything to avoid the accident, and whether Elkin's headlights blinded plaintiff. The majority opinion concludes that under the facts and circumstances of this case, as a matter of law, Elkin could not reasonably have avoided the accident and Elkin's headlights did not blind plaintiff. I take exception to these conclusions and respectfully state that under the facts and circumstances of this case, only the trier of fact can make these determinations. There are genuine issues as to material facts, and the order of summary judgment is improper.

The uncontradicted evidence in the record is that as plaintiff's vehicle drifted towards Elkin's vehicle, Elkin took no evasive action to avoid the collision. Kilcullen, an occurrence witness, stated that he pulled up next to plaintiff at a red light. When the light turned green, plaintiff drove off reaching a speed of about 45 miles per hour and getting 15 car lengths ahead of Kilcullen. Plaintiff's car began to ease to its left and eventually crossed the center line into the eastbound traffic. At the point of plaintiff's car's entry into the eastbound lane of traffic, Elkin's car was about 20 car lengths away. Kilcullen said, "I remember thinking that *** [Elkin's] got to stop. It was the only way he had to avoid the impact." Kilcullen stated that he saw Elkin's car for about 10 seconds and plaintiff's car was in the eastbound lane for 3 to 5 seconds before the crash. From the time that plaintiff's car entered the eastbound lane, Kilcullen's conduct is in stark contrast to Elkin's. Kilcullen flashed his headlights, sounded his horn and sped up to come within 10 car lengths of Elkin, catching up by at least five car lengths before the accident. Elkin did not veer, did not change his direction, did not sound his horn, did not apply his brakes or flash his headlights prior to impact. Elkin did nothing to avoid the collision.

Plaintiff stated in her deposition that while she was driving she came up from a dip in the road and suddenly saw bright lights in front of her. She turned her head to the right because the lights blinded her. She stated that she never crossed the center line. Can we say, as the majority concludes, that as a matter of law, plaintiff was not blinded by oncoming lights and that she did cross the center line? That is for the trier of fact to determine.

If we are to speculate, Kilcullen's action and Elkin's inaction are easily explained. It may be that Kilcullen is a highly skilled professional driver. Kilcullen may have trained all his life for the emergency that confronted him at the time of this accident. It may be that he possessed skills beyond that which we would reasonably expect from an ordinary person. That is for the trier of fact to decide.

If we could speculate, it may be that Elkin's reflexes were slow and he could not respond as fast as an ordinary person. Perhaps the opportunity to respond was shorter than his capacity to respond. These are matters for the trier of fact to decide.

Under pure comparative negligence in Illinois, plaintiff's own negligence cannot, alone, provide grounds for dismissing her suit. (See *Alvis*, 85 Ill. 2d at 27-28; *King v. Petefish* (1989), 185 Ill. App. 3d 630, 541 N.E.2d 847.) To defeat the motion for summary judgment, plaintiff need only present evidence which could support a

finding that defendant drove negligently and that his negligence was a proximate cause of the accident. *Whitman v. Lopatkiewicz* (1987), 152 Ill. App. 3d 332, 336, 504 N.E.2d 243, 245.

Plaintiff's deposition presents evidence of a triable question of fact as to whether Elkin improperly used his bright headlights, temporarily blinding plaintiff, and thereby causing the accident. However, under the Dead Man's Act, plaintiff's testimony as to the headlights would not be admissible at trial unless Kilcullen testified for the defense. Plaintiff's testimony would not be admissible in her case in chief. (See *Groark v. Anderson* (1991), 222 Ill. App. 3d 880, 584 N.E.2d 468.) Plaintiff could present Kilcullen as her own witness, and his testimony presents evidence which could support a triable question of whether Elkin negligently failed to keep a proper lookout, sound his horn, apply his brakes or take other evasive action to avoid the collision.

Drivers have a duty to maintain a lookout for and avoid collisions with all vehicles, even those traveling on the wrong side of the road. (*Chevrie v. Gruesen* (1991), 208 Ill. App. 3d 881, 883, 567 N.E.2d 629, 630; *Turner v. Roesner* (1990), 193 Ill. App. 3d 482, 488, 549 N.E.2d 1287.) Kilcullen testified that he heard no screeching brakes and no horns other than his own prior to the crash, and he saw defendant drive straight into the collision. Officer O'Connor testified that he saw no skid marks at the accident site. This evidence creates a triable issue of whether defendant maintained a proper lookout or made an appropriate effort to avoid the crash. His failure to do either could constitute negligence.

Defendant argues that the trier of fact could not infer from Kilcullen's and O'Connor's testimony that Elkin's conduct proximately caused the crash, citing several cases in which the appellate court has held that a car crossing a center line was the sole proximate cause of an accident. In *Rutter v. Gemmer* (1987), 153 Ill. App. 3d 586, 505 N.E.2d 1308, a rear-end collision pushed the plaintiff's car into defendant's lane, and the front of plaintiff's car hit the back of defendant's car. The appellate court affirmed summary judgment for defendant, noting that no more than two seconds elapsed between the rear-end collision and the crash with defendant's car. The evidence showed that either defendant almost passed the point of collision before plaintiff entered his lane, or defendant swerved sharply to his right to avoid the accident and still plaintiff's car hit the rear of defendant's car. (*Rutter*, 153 Ill. App. 3d at 588.) The court concluded that any deficiency in defend-

ant's attention could not have proximately caused the accident. *Rutter*, 153 Ill. App. 3d at 594.

In *Wilmere*, plaintiff swerved out of his lane into oncoming traffic and collided with three vehicles, driven by the three defendants, in a matter of seconds. The appellate court affirmed summary judgment for defendants since there was no evidence that defendants did not act as prudent persons would under the circumstances. The fact of the accident and plaintiff's swerve could not, without more, support a finding of defendants' negligence. *Wilmere*, 152 Ill. App. 3d at 647.

In *Young v. Texas Eastern Transmission Corp.* (1985), 137 Ill. App. 3d 35, 484 N.E.2d 325, the appellate court found that defendant made an appropriate effort to avoid the collision with plaintiff's vehicle in defendant's lane, so it affirmed summary judgment for defendant. The court also stated that because the accident would not have occurred unless plaintiff crossed the center line, none of defendant's acts could constitute a proximate cause of the accident. (*Young*, 137 Ill. App. 3d at 39.) This misstates Illinois law. In *Chevrie, Turner* and *Rutter*, the accidents would not have occurred but for plaintiff crossing the center line, but in all of those cases the court stated that that fact alone did not prevent another driver's conduct from being an additional proximate cause of those accidents. In *Turner* and *Santschi v. Gorter* (1978), 63 Ill. App. 3d 394, 379 N.E.2d 1383, the appellate court reversed summary judgment for defendants despite uncontroverted evidence that plaintiffs veered across the center line into defendants' lane. These cases rest on the general principle that when a plaintiff's car veers into a defendant's lane of travel, summary judgment in favor of defendant is proper unless there is evidence that he would have had an opportunity to avoid the accident if he had met all of his obligations as a driver by maintaining a proper speed for conditions, and a proper lookout and so forth.

There is sufficient evidence in this case to present triable issues of fact. If Elkin had enough time to avoid the accident, his failure to take any evasive measures could constitute a contributing proximate cause of the accident. (See *Pizano v. Trejo* (1971), 2 Ill. App. 3d 944, 274 N.E.2d 861.) If plaintiff can present evidence that Elkin's headlights blinded her, there may be factual issues to resolve.

For the reasons stated above, I find that the trial court erred in granting summary judgment for defendant, and I would reverse and remand for trial.