# Illinois Official Reports

## Appellate Court

---

### *Johnson v. Stojan Law Office, P.C.*, 2018 IL App (3d) 170003

---

| | |
|---|---|
| Appellate Court Caption | BRET D. JOHNSON and SEAN B. JOHNSON, Plaintiffs, v. STOJAN LAW OFFICE, P.C., and CLARK J. STOJAN, Defendants-Appellees (Bret D. Johnson, Plaintiff-Appellant). |
| District & No. | Third District<br>Docket No. 3-17-0003 |
| Filed<br>Rehearing denied | January 12, 2018<br>February 22, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Rock Island County, No. 14-L-90; the Hon. Joseph F. Fackel, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Mark J. McAndrew and Kaitlyn Anne Wild, of Rathje & Woodward, LLC, of Wheaton, and Stephen T. Fieweger, of Davenport, Iowa, for appellant.<br><br>Matthew R. Henderson and Adam R. Vaught, of Hinshaw & Culbertson LLP, of Chicago, for appellees. |

Panel                                        JUSTICE O'BRIEN delivered the judgment of the court, with opinion.

Presiding Justice Carter and Justice McDade concurred in the judgment and opinion.

## OPINION

Plaintiff Bret Johnson (Johnson) brought this legal malpractice action against defendants Stojan Law Office, P.C., and Clark Stojan, which had drafted trust documents and a trust amendment for Johnson's mother, Jean Sztajer. The complaint alleged Stojan breached various duties it owed Johnson, who had been a successor co-trustee of the trust. Stojan moved for summary judgment, arguing it had no duty to Johnson. The trial court denied the motion, but on reconsideration, granted summary judgment in Stojan's favor, finding Stojan owed no duty to Johnson. The trial court also denied Johnson's motion for leave to file a second amended complaint. Johnson appealed. We affirm.

FACTS

Jean Sztajer, mother of Sivi Polit and plaintiffs Bret Johnson and Sean Johnson, retained defendants Clark Stojan and Stojan Law Office, P.C. (collectively, Stojan), to draft a living trust. Sztajer executed the trust on May 31, 2001. The trust provided, in part, that Sztajer had the right to amend or modify its terms without the consent of any trustee or beneficiary. It granted the trustee the authority to appoint an agent or attorney-in-fact with all the powers of the trustee. The trust provided the grantor the right to remove any trustee and appoint successor trustee(s), with written notice to the trustee(s) to be removed and appointed. The trust named Sztajer's three children as successor co-trustees in the event of Sztajer's death, incompetency, disability, or other inability to act.

Sztajer retired in 2008 from her position as a professor of accountancy at Augustana College. She started to suffer from cognitive deficits, which worsened over the years. In January 2010, she was evaluated by a clinical neuropsychologist, who diagnosed Sztajer with mild stage Alzheimer's disease and referred her for another evaluation in a year. In August 2010, Sztajer's primary doctor diagnosed her as suffering from "Alzheimer's Dementia with Behavioral Disturbance." On November 12, 2010, Sztajer executed a special power of attorney for property, which Stojan drafted, naming Polit as Sztajer's agent as trustee of the trust. The family began discussing Sztajer's care around Thanksgiving 2010, and discussions continued into the new year. In January 2011, it was decided that Polit should take over Sztajer's care. A series of emails documents the conversations between Sztajer's children and Stojan regarding this decision. As part of the plan, Sztajer moved in with Polit in February 2011, with Polit to be paid from the trust for her caregiver services.

A January 2011 follow-up evaluation by the clinical neuropsychologist indicated that Sztajer had experienced "significant decline in memory, naming, and visuospatial skills" from the visit a year earlier but the impairment in Sztajer's executive functioning had not changed from the prior January 2010 visit. Profound impairment in Sztajer's episodic memory was noted.

¶ 6       On March 23, 2011, Sztajer visited Stojan and executed an amendment to the trust, which removed Sean Johnson and Bret Johnson as successor co-trustees and named them as second successor co-trustees. Polit was named the sole successor trustee. Sztajer also signed a letter of direction to Polit concerning trust distributions. Stojan signed an affidavit averring that he drafted the letter of direction and trust amendment at Sztajer's direction, that he discussed the documents in confidence directly with Sztajer, and that Polit played no role in preparing the documents. In his deposition, Stojan stated that Sztajer told him she was concerned about her sons' response to the changes in the trust and she asked him not to inform them of the changes. According to Stojan, Sztajer was competent to conduct her affairs on March 23, 2011. Polit also testified at her deposition that she had no concerns about Sztajer's competency in March 2011. The doctor treating Sztajer for her Alzheimer's disease opined, following an evaluation in May 2011, that Sztajer was competent to make significant life decisions.

¶ 7       In late 2012, Johnson and his brother began to question disbursements from the trust. They complained to the Illinois Department on Aging, and in early 2013, an investigation into financial exploitation was conducted. The investigation terminated for lack of sufficient evidence. Sztajer died on November 6, 2013. In July 2014, Johnson and his brother filed this action, alleging professional negligence and common law fraud. In January 2015, they filed a first amended complaint, alleging legal malpractice against Stojan and Stojan Law Office. Stojan moved for dismissal, arguing it owed no duty to Johnson and his brother. The trial court denied the motion, and the case was consolidated for discovery purposes with a separate action filed by Johnson and his brother against Polit. In April 2016, Sean Johnson was dismissed from this case with prejudice.

¶ 8       In May 2016, Stojan moved for summary judgment. Following a hearing, the trial court denied Stojan's motion. Stojan moved for reconsideration, which the trial court granted. The court entered summary judgment in favor of Stojan, finding Stojan did not owe a duty to Johnson. Johnson moved for reconsideration of the summary judgment order and sought leave to file a second amended complaint. The second amended complaint included a legal malpractice count and added a count for financial exploitation of an elderly person. The trial court denied both motions. Johnson appealed.

¶ 9                                                  ANALYSIS

¶ 10      On appeal, Johnson argues that the trial court erred when it granted summary judgment in favor of Stojan and when it denied his motion for leave to file a second amended complaint. We first review the trial court's grant of summary judgment. Johnson argues that there are genuine issues of material fact precluding summary judgment, including issues regarding Sztajer's competency, whether Polit and Stojan acted in concert to deprive Johnson of his inheritance, and Johnson's standing to bring a financial exploitation claim against Stojan.

¶ 11      Summary judgment is properly granted when the pleadings, depositions, admissions, and affidavits, if any, on file show there is no genuine issue of any material fact and the movant is entitled to judgment in his favor as a matter of law. 735 ILCS 5/2-1005(c) (West 2016). In determining a summary judgment motion, the court construes the documents on file liberally in favor of the non-movant and against the movant. *Morris v. Union Pacific R.R. Co.*, 2015 IL App (5th) 140622, ¶ 23. Whether a duty exists is a matter of law and an appropriate issue for determination by summary judgment. *Barnett v. Zion Park District*, 171 Ill. 2d 378, 385

(1996). This court reviews a trial court's grant of summary judgment *de novo*. *Bagent v. Blessing Care Corp.*, 224 Ill. 2d 154, 163 (2007).

¶ 12    To sustain a claim of legal malpractice, the plaintiff must establish (1) the defendant attorney owed the plaintiff a duty of care that arose from an attorney-client relationship, (2) the defendant breached the duty, and (3) the plaintiff was damaged as a proximate result of the attorney's breach. *In re Estate of Powell*, 2014 IL 115997, ¶ 13. Whether a duty exists is a question of law. *Id.* ¶ 14. Generally, an attorney is liable only to his client and not to third parties. *Id.* However, a non-client may sustain a legal malpractice claim if he proves the attorney-client relationship's purpose and intent was to benefit or influence the non-client as a third party. *Pelham v. Griesheimer*, 92 Ill. 2d 13, 20-21 (1982).

¶ 13    Johnson asserts Stojan owed him a duty as both a co-trustee and a beneficiary of the trust. His assertions fail on both accounts. We reject Johnson's classification of his role as "co-trustee." As Stojan argues, it never represented Johnson because Johnson never became a co-trustee. Stojan represented Sztajer in the preparation of her estate documents. In accord with her instructions, Stojan drafted an amendment to the trust that removed Johnson and his brother as successor co-trustees and named them second successor co-trustees. Sztajer amended the trust before she became incompetent. At the point Sztajer could no longer handle her affairs, Polit became the sole trustee based on the amendment. Polit was never unable to perform her role as trustee, so Johnson never became a co-trustee.

¶ 14    Johnson maintains that he, his brother, and Polit "informally" became the co-trustees in early January 2011 and that Sztajer lacked capacity to later amend the trust. To establish that Sztajer lacked capacity, Johnson submits personal antidotes, excerpts from Sztajer's medical records, and entries from the care diary Polit kept to document Sztajer's care. Johnson's submissions fail to raise a genuine issue of material fact concerning Sztajer's capacity. Stojan presented the opinion of Sztajer's treating doctor, who stated that Sztajer had the ability to make significant life decisions when he evaluated her two months after the trust was amended. In addition, both Polit and Stojan testified that they believed Sztajer to be competent when she executed the letter of direction and trust amendment. We conclude that Johnson never became a co-trustee to whom Stojan would owe a duty.

¶ 15    Similarly, Johnson cannot establish that Stojan owed him a duty as a third-party beneficiary of the trust. The trust was created to provide financial support for Sztajer. Johnson submits another purpose was to segregate Sztajer's marital and non-marital funds. Under either purpose, the trust was not created to benefit Johnson. He was an incidental beneficiary, inheriting only if funds remained after Sztajer's death. *Snyder v. Heidelberger*, 2011 IL 111052, ¶ 15 (under revocable trust, intended beneficiary had no present interest). The possibility that Johnson could benefit from the trust is insufficient to create a duty owed by Stojan. *Reddick v. Suits*, 2011 IL App (2d) 100480, ¶ 36 (" 'fact that a third party may benefit from an attorney's representation of his client does not mean that the attorney thereby owes a duty to the third party' " (quoting *Schechter v. Blank*, 254 Ill. App. 3d 560, 566-67 (1993)). We find that Stojan did not owe Johnson a duty as an incidental beneficiary.

¶ 16    Stojan was retained by Sztajer to draft a trust for her, and Stojan owed a duty to her. Stojan represented Sztajer. He did not represent Johnson or the trust. Because Johnson cannot establish that Stojan owed him a duty as either a successor co-trustee or a third-party beneficiary, his legal malpractice claim must fail. We find the trial court did not err in granting Stojan's motion for summary judgment.

¶ 17    We next review the trial court's denial of Johnson's request to file a second amended complaint. Johnson asserts the proposed complaint satisfies the requirements for amendment and his request for leave to file it should have been granted.

¶ 18    To decide whether amendment is proper, the court considers (1) whether the proposed amendment would cure the defect in the pleadings, (2) whether the proposed amendment would cause surprise or prejudice to the defendant, (3) whether the proposed amendment was timely filed, and (4) whether the movant had previous opportunities to amend. *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992). The plaintiff must satisfy all four factors. *I.C.S. Illinois, Inc. v. Waste Management*, 403 Ill. App. 3d 211, 220 (2010). We review the trial court's denial of a motion for leave to amend a complaint for an abuse of discretion. *McDonald v. Lipov*, 2014 IL App (2d) 130401, ¶ 47.

¶ 19    The proposed second amended complaint set forth a claim for legal malpractice and added a claim for financial exploitation of an elderly person. The legal malpractice count included expanded allegations that Stojan aided and abetted Polit's alleged misconduct in administering Sztajer's trust, in addition to repeating other claims raised in the first amended complaint. The financial exploitation count alleged that Stojan represented Sztajer, "an elderly person"; assisted Polit in financially exploiting his client; conspired with Polit to amend the trust in Polit's favor and to have Sztajer execute a letter of direction regarding distributions to Polit; and allowed Polit to deplete the trust's funds for improper purposes. The complaint sought treble damages for the second count.

¶ 20    As an initial matter, we note that Johnson's failure to satisfy any of the four elements is fatal to his argument on appeal. We will review all four, however, to set forth our reasoning for each requirement. We begin with the first requirement, whether the amendment cures the defective pleading. Johnson claims any defects are cured by the addition of allegations that Stojan Law Office, P.C., owed him a derivative fiduciary duty as a trust beneficiary and a direct fiduciary duty based on his position as a co-successor trustee. Johnson alleges Stojan aided and abetted Polit in mismanaging Sztajer's trust. Contrary to Johnson's argument, the second amended complaint does not include a separate aiding and abetting count. 735 ILCS 5/2-603(b) (West 2016) (separate causes of action must be plead in separate counts). Johnson's allegations that Stojan aided Polit merely expand the claims made in the earlier complaint and do not include facts sufficient to establish that Stojan owed Johnson a duty, either derivative or direct. Johnson never became a co-trustee and remained an incidental beneficiary. As previously discussed, Stojan did not owe a duty to Johnson as either a co-trustee or a beneficiary.

¶ 21    The financial exploitation count similarly does not cure the defective pleadings. The Criminal Code of 2012 established the offense of financial exploitation of an elderly person and authorized a civil cause of action for the offense, with damages to the victim or her estate. 720 ILCS 5/17-56(g) (West 2016). Johnson is not the alleged victim or the representative of Sztajer's estate and is without standing to assert this claim. *Wilmere v. Stibolt*, 152 Ill. App. 3d 642, 645 (1987) (executor has standing to file on decedent's behalf, but heirs, legatees, and devisees do not). Moreover, the new count does not cure the lack of duty, which was the basis the trial court's denial of Johnson's motion for leave to file a second amended complaint and its grant of summary judgment in favor of Stojan.

¶ 22    The second requirement focuses on any surprise and prejudice caused by the amendment. The second amended complaint would not cause Stojan any surprise or prejudice as to the first

count because it does not contain any new allegations. The addition of the second count, however, would surprise and prejudice Stojan, as it is based on a new theory of liability and includes a claim for treble damages.

¶ 23 The third requirement is the timeliness of the amendment. The original complaint was filed in July 2014. The first amended complaint was filed in January 2015. Johnson did not seek to file the second amended complaint until November 2016. Johnson argues that the statute of limitations for bringing an action for financial exploitation of an elderly person is seven years, and since count II of the second amended complaint was brought prior to the expiration of the seven-year statute of limitations, the amendment is timely. However, the seven-year statute of limitations plaintiff seeks to invoke here applies to the statute of limitations under the Criminal Code of 2012, not the statute of limitations applicable to the civil cause of action for financial exploitation of an elderly person. 720 ILCS 5/17-56(a), (g) (West 2016); 720 ILCS 5/3-5(a-5) (West 2016). All of Stojan's actions occurred more than two years before Johnson added the financial exploitation count. Since the statute of limitations outlined in the Criminal Code of 2012 is not relevant here, the two-year statute of limitations set forth in the Code of Civil Procedure renders the amendment untimely. 735 ILCS 5/13-214.3(d) (West 2016) (two-year statute of limitations applies to legal malpractice); *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 23 (two-year limitations period applies to all claims arising out of acts or omissions in legal services and includes more than legal malpractice claims).

¶ 24 Lastly, Johnson had previous opportunities to amend, as indicated by the filing of his first amended complaint and the nearly two-year period before he sought leave to file a second amended complaint. Johnson contends he could not have amended the complaint earlier because discovery was ongoing in the consolidated case. Aside from that broad explanation, he fails to point to any specific information that was newly revealed to him as a result of discovery. Even if we were to accept Johnson's assertion that he received the information used to amend his complaint as a result of the ongoing discovery, his failure to satisfy the other three requirements preclude amendment. Accordingly, because Johnson failed to satisfy any of the four factors, we find the trial court did not abuse its discretion when it denied Johnson leave to file a second amended complaint.

¶ 25                                          CONCLUSION

¶ 26 For the foregoing reasons, the judgment of the circuit court of Rock Island County is affirmed.

¶ 27 Affirmed.