NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 13, 2008[*]
Decided February 14, 2008

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-3465

| | |
|---|---|
| QUINSHELA TURNER,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>JACKSON PARK HOSPITAL, et al.,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 07 C 4221<br><br>Matthew F. Kennelly,<br>*Judge.* |

**O R D E R**

After her husband died in the care of Jackson Park Hospital, Quinshela Turner sued the hospital and several doctors claiming that they violated her husband's federal rights. The district court dismissed the complaint at screening for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2). We affirm.

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the appellant's brief and the record. FED. R. APP. P. 34(a)(2).

For purposes here we accept as true the allegations in the complaint.  *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000).  On July 29, 2005, Lugean Turner, a diabetic, came to the emergency room at Jackson Park Hospital because his blood sugar level was irregular.  The emergency room doctors diagnosed Mr. Turner with cerebrovascular disease, commonly known as a stroke.  Mrs. Turner did not consent to have Mr. Turner treated at the hospital because she wanted him transferred to the veteran's hospital where he regularly received treatment.  But while she called the veteran's hospital about a possible transfer, Jackson Park Hospital sedated Mr. Turner and placed him on a ventilator.

Mrs. Turner alleges that the hospital mistook her husband for another patient.  Two days after Mr. Turner arrived in the emergency room, Mrs. Turner discovered that the identification bracelet on her husband's wrist said that he was Tyrone Taylor, a different patient.  When she told the hospital about the error, staff members replaced the bracelet with one displaying the correct name but the wrong admission date.  Mrs. Turner attributes the hospital's decision to place her husband on a ventilator and feeding tube to this mix-up.

During the next three weeks that Mr. Turner spent in the hospital, Mrs. Turner refused to consent to the treatments the doctors recommended.  But doctors gave him two blood transfusions anyway, placed him on dialysis, and left him in unsafe and unsanitary conditions where he developed bedsores.  Mrs. Turner tried to have him released to the veteran's hospital in early August, but Jackson Park Hospital refused to release him.  He died on August 20, 2005.

Mrs. Turner filed a complaint in federal district court in July 2007.  She claims that the defendants—Jackson Park Hospital, several doctors and unnamed parties—violated 42 U.S.C. §§ 1983, 1985, and 1986; two provisions of the Medicaid Act that require Medicare providers to provide written information to patients about their rights to refuse treatment, *see* 42 U.S.C. §§ 1395cc(f)(1) and 1396a(w)(1); and state tort law.  She also filed motions to proceed *in forma pauperis*, to have counsel appointed, and to take discovery.  The district court granted her motion to proceed *in forma pauperis* but dismissed the complaint before the defendants were served.  *See* 28 U.S.C. § 1915(e)(2).  The court held that Mrs. Turner could not proceed based on diversity jurisdiction, *see* 28 U.S.C. § 1332(a), because she and all defendants are Illinois citizens, and that she did not state any viable federal statutory or constitutional claims.  The court noted that Mrs. Turner may have a claim for medical malpractice and urged her to consult with counsel about filing a complaint in state court.  The court denied the motions for counsel and discovery as moot.  Mrs. Turner then filed a motion for reconsideration, arguing that the district court applied incorrect legal standards and asserting that the Federal Tort Claim Act (FTCA) provided the court with jurisdiction.  The district court denied her motion, explaining that the FTCA did not apply.

On appeal Mrs. Turner argues that the district court erred in dismissing her complaint. She contends that the civil rights statutes on which she relies apply because Jackson Park Hospital receives federal funds. She also argues that the court has diversity jurisdiction because it has personal jurisdiction over the parties and she seeks more than $75,000 in damages. Finally, she contends that the Medicaid Act provisions also allow her to make a claim.

We review dismissal pursuant to § 1915 *de novo*, applying the same standard used for dismissals as under Federal Rule of Civil Procedure 12(b)(6). *DeWalt*, 224 at 611-12. We first address a threshold question not discussed by the district court: whether Mrs. Turner herself may bring claims asserting violations of her deceased husband's rights. State law determines whether federal causes of action survive a tort victim's death. *See Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) (§ 1983 claim); *Hutchinson v. Spink*, 126 F.3d 895, 898 (7th Cir. 1997) (§ 1983 and other statutory civil rights claims). In Illinois, personal injury suits survive the victim's death for the benefit of the victim's estate. *See Malone*, 474 F.3d at 937; 755 ILCS 5/27-6. But only the administrator of the estate can pursue the claims. *See Will v. Northwestern Univ.*, 2007 WL 4410681 at *6 (Ill. App. Dec. 14, 2007); *Wilmere v. Stibolt*, 504 N.E.2d 916, 918 (Ill. App. 1987); FED. R. CIV. P. 17(b) (capacity to sue determined by law of state in which district court sits). We do not know if Mrs. Turner is the administrator of her husband's estate. Even assuming she is, she would be suing on behalf of her husband's estate, not herself, and therefore could not proceed *pro se* if there are other beneficiaries or creditors of the estate*, see Malone*, 474 F.3d at 937; *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001), which we also do not know. Ordinarily, we would have Mrs. Turner fill in these blanks or face dismissal. *See Malone*, 474 F.3d at 937. But because we can easily discern that there is no federal jurisdiction, we may forge on.

Diversity jurisdiction is inapplicable because, according to Mrs. Turner's complaint, all parties are Illinois citizens. *See* 28 U.S.C. § 1332(a). Mrs. Turner cannot state a claim under § 1983 because she has sued a private hospital and private individuals and, therefore, cannot claim that defendants were acting under color of state law, an element of any § 1983 claim. *See Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003). The receipt of federal funds alone is not sufficient to establish state action. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982) . Mrs. Turner also cannot state a claim under § 1985 because she does not allege that the hospital, doctors, or caretakers acted with race-based animus. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (establishing that § 1985(3) claim requires race- or class-based animus); *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002). Because she cannot state a § 1985 claim, her § 1986 claim fails as well. *See Keri v. Bd. of Trs. of Purdue Univ.*, 458 F.3d 620, 643 (7th Cir. 2006) (reasoning that § 1986 claim requires § 1985 violation); *Hicks v. Resolution Trust Corp.*, 970 F.2d 378, 382 (7th Cir. 1992). As to Mrs. Turner's claims under the Medicaid Act, she has given

us no reason to believe that a private right of action exists under the specific sections to which she refers.  *See Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001) (reasoning that courts must have reason to believe that Congress intended to imply private right of action when statute does not include explicit one).

Mrs. Turner also argues on appeal that the court has jurisdiction based on several new theories, including that the hospital and doctors violated the Americans with Disabilities Act and her husband's constitutional right to privacy.  Because she raises these claims for the first time on appeal, we do not address them.  *See County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819-20 (7th Cir. 2006).

Finally, Mrs. Turner argues on appeal that the district court improperly denied her post-dismissal motion for reconsideration, which we treat as a Rule 59(e) motion.  We review that denial for abuse of discretion.  *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003).  In her motion, she did not point to any newly discovered evidence or manifest error of law or fact.  *See id.*  Rather, she rehashed the earlier arguments and added a claim under the FTCA.  But the FTCA does not apply because there are no federal employees involved in this case.  *See* 28 U.S.C. § 1346(b); *Alinsky v. United States*, 415 F.3d 639, 643 (7th Cir. 2005).

We therefore AFFIRM the decision of the district court.