NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 4, 2009[*]
Decided March 10, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-1698

| | |
|---|---|
| QUINSHELA TURNER, <br>     *Plaintiff-Appellant*, <br><br>     *v.* <br><br> JACKSON PARK HOSPITAL, et. al, <br>     *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 08 C 835 <br><br> James B. Zagel, <br> *Judge*. |

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

**O R D E R**

Quinshela Turner filed a medical malpractice ("malpractice") lawsuit in state court and then "removed" the litigation to federal district court. The district court dismissed the federal action for lack of subject-matter jurisdiction, and we affirm the dismissal.

Turner previously filed a malpractice suit in federal court against the same defendants, and we affirmed the dismissal of that suit for lack of subject-matter jurisdiction. *See Turner v. Jackson Park Hosp.*, 264 Fed. App'x 527 (7th Cir. 2008) (unpublished order). Meanwhile, Turner was proceeding with a parallel lawsuit in the Circuit Court of Cook County, Illinois. Faced with these adverse rulings, she filed appeals with the federal district court as well as the state appellate court in a document entitled "Removal for Cause," arguing that the five judges involved in the case were at one time conspiratorially joined with the defendants in attempting to defeat her cause of action thus prejudicing her case. The district court explained to Turner that she as the plaintiff does not have the authority to remove the suit she filed from state court and dismissed the case for lack of subject-matter jurisdiction. Turner moved for reconsideration, and the district court denied the motion with the further explanation that she must address her complaints about the state judges' handling of her case in state court under state law.

 Turner appeals the dismissal. Although an order remanding a removed case to state court would not be reviewable on appeal, *see* 28 U.S.C. § 1447(d), here the district court dismissed rather than remanded the matter, so the court's order is final and appealable, *see Cook v. Weber*, 698 F.2d 907, 908 (7th Cir. 1983); 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3740, at 521 (3d ed. 1998).

A plaintiff cannot "remove" a state lawsuit to federal court; only a defendant has the right to remove. *See* 28 U.S.C. §§ 1441, 1443, 1446; *Chi., R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954); *Shamrock & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); WRIGHT, MILLER & COOPER, *supra*, § 3731, at 250-53 & nn.1, 3. And as we explained in Turner's previous appeal, her lawsuit against these defendants is outside the jurisdiction of the federal courts. *See Turner*, 264 Fed. App'x at 529-30. One might argue that the district court should have remanded the case to state court, *see* 28 U.S.C. § 1447(c), but because the state court had already stricken Turner's complaint before she attempted to "remove" the case, we agree that there is no reason to order a remand.

AFFIRMED.