FRANCISZEK NEIMIEC, Plaintiff-Appellant, v. MARY R. ROELS, Defendant-Appellee.

First District (3rd Division) No. 1—92—0300

Opinion filed March 31, 1993.

Donald A. Kurasch, Ltd., of Chicago (Donald A. Kurasch and Jessica B. Tucker, of counsel), for appellant.

Beverly, Pause, Duffy & O'Malley, of Chicago (Tracy L. Sloan and James R. Patterson, of counsel), for appellee.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

This cause of action arises from an incident in which plaintiff, Franciszek Neimiec, sustained personal injuries as a result of being struck by an automobile driven by defendant, Mary R. Roels. The trial court granted defendant's motion for summary judgment pursuant to section 2—1005 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005). It is from the trial court's entry of summary judgment in favor of defendant that plaintiff appeals to this court pursuant to Supreme Court Rule 301 (134 Ill. 2d R. 301).

On December 10, 1984, plaintiff's automobile became inoperable and had to be towed to a service station in order to be repaired. Un-

able to drive to work that day, plaintiff telephoned his place of employment from the repair shop and arranged to be picked up at his home and transported to work.

In order to get to his home, plaintiff walked along Nichols Road in Palatine, Illinois. Nichols Road was a two-lane paved roadway with one lane running eastward and another lane running westward. Abutting each side of the road was a gravel shoulder. There was no sidewalk or other walkway running along either side of the road for pedestrian use.

Thus, at about 3:30 p.m., plaintiff was walking eastbound alongside Nichols Road on the gravel shoulder approximately 20 centimeters to one-half meter from the edge of the south side of the road. The next thing that plaintiff could remember was coming back to consciousness and attempting to lift himself off the ground but being unable to do so. Plaintiff could not remember anything about being actually hit by defendant's car.

Defendant testified that she first noticed plaintiff prior to impact and that before impact she was travelling eastbound on Nichols Road at approximately 20 miles per hour. Defendant further stated that before the accident occurred, she had moved the vehicle closer to the center of the road. She could not remember whether plaintiff was walking in a wobbling manner or at a stable gait. However, defendant did state that she believed that plaintiff was standing still at the moment of impact.

Judith Messere, a witness to the accident, was travelling westbound on Nichols Road at the time of the accident. Ms. Messere testified that she saw plaintiff walking along Nichols Road for about 20 seconds prior to the occurrence and observed defendant's vehicle for approximately 10 to 15 seconds before impact. According to Ms. Messere, plaintiff had been walking in a normal manner prior to the accident, but immediately before impact, the plaintiff stumbled to his left onto Nichols Road and then the collision occurred.

After reviewing defendant's motion for summary judgment, the trial court granted the motion. On appeal, plaintiff asserts that the trial court improperly granted summary judgment as a material issue of fact exists as to whether defendant breached her duty to use ordinary care when she struck plaintiff with her automobile. We are of the opinion that summary judgment was correctly entered and affirm.

The Illinois Supreme Court has long recognized that the granting of summary judgment is a drastic method of disposing of a case that should not be employed unless there is no issue of material fact and it is free from doubt that the movant is entitled to judgment as a mat-

ter of law. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867; *Murphy v. Urso* (1981), 88 Ill. 2d 444, 430 N.E.2d 1079.) Nevertheless, our supreme court has also acknowledged that "summary judgment procedure is an important tool in the administration of justice, that its use in a proper case is to be encouraged and that its benefits inure not only to the litigants, in the saving of time and expenses, but to the community in avoiding congestion of trial calendars and the expenses of unnecessary trials." (*Fooden v. Board of Governors of State Colleges & Universities* (1971), 48 Ill. 2d 580, 586, 272 N.E.2d 497, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847.) In determining whether there exists a genuine issue of material fact, a trial court must construe the pleadings, depositions, admissions and affidavits on file strictly against the movant and liberally in favor of the opposing party. (*Kolakowski v. Voris* (1980), 83 Ill. 2d 388, 415 N.E.2d 397; *Dietz v. Spalla* (1989), 186 Ill. App. 3d 742, 542 N.E.2d 855.) "[W]hen an appellate court is faced with an appeal involving only the propriety of summary judgment, the *de novo* standard of review should be applied—the appellate court, like the trial court, determines whether there is a genuine issue of material fact." *Demos v. National Bank* (1991), 209 Ill. App. 3d 655, 659-60, 567 N.E.2d 1083.

It has long been the law in Illinois that a plaintiff, in a cause of action based on negligence, must establish the existence of a duty, a breach of that duty, and an injury proximately resulting from a breach of that duty. (*Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 440 N.E.2d 96.) The determination of whether a duty exists is a question of law to be made by a court (*McLane v. Russell* (1989), 131 Ill. 2d 509, 546 N.E.2d 499) and thus a motion for summary judgment properly addresses the issue of duty. *Horrell v. City of Chicago* (1986), 145 Ill. App. 3d 428, 431, 495 N.E.2d 1259.

In the case *sub judice*, we agree with plaintiff that defendant had a duty to exercise ordinary care towards him in the operation of her vehicle. We further agree with the numerous cases that plaintiff cited for the proposition that a driver can be found negligent while driving under the speed limit by driving too fast for conditions in violation of sections 11—601(a) and 11—1003.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, pars. 11—601(a), 11—1003.1). (See, *e.g.*, *Masotti v. Console* (1990), 195 Ill. App. 3d 838, 552 N.E.2d 1292.) However, we fail to see, after a careful review of the record in a light most favorable to plaintiff, how he can prove his case. In other words, we believe there exists no issue of disputed material fact upon which a fair-minded jury could reasonably enter a verdict in plaintiff's favor.

■ The facts are that plaintiff has no memory of the accident, defendant's memory of the incident is, at best, unclear, and the one uncontroverted witness to the occurrence testified that defendant stumbled into the roadway an instant before impact. Under such a scenario, defendant, in spite of plaintiff's assertions to the contrary, could do nothing to prevent this tragic accident from occurring and thus did not breach her duty of care to plaintiff. Accordingly, we believe the trial court did not err in granting defendant's motion for summary judgment.

In light of the foregoing, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

RIZZI and CERDA, JJ., concur.