FRED KUZMANICH et al., Plaintiffs-Appellants, v. ANNIE J. COBB, Defendant-Appellee.

First District (3rd Division)  No. 1—93—2121

Opinion filed November 29, 1995.

Joseph A. Powers, Jr., of Chicago, for appellants.

Norton Wasserman and Mary A. Mazurk, both of Chicago, for appellee.

JUSTICE TULLY delivered the opinion of the court:

This case arises from an incident in which plaintiff Fred Kuzmanich (Fred) sustained personal injuries as a result of two automobile collisions involving three motor vehicles. Fred filed a negligence action in the circuit court against the drivers of the two other vehicles, defendants, Annie J. Cobb and William Pattas. Fred's wife, plaintiff Anna Marie Kuzmanich, joined Fred in the suit by appending a claim against defendants for loss of consortium with her husband as a result of the accident. Subsequently, the trial court granted Cobb's motion for summary judgment pursuant to section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005 (now 735 ILCS 5/2—1005 (West 1994))) with respect to the claims against her. It is from the trial court's entry of summary judgment in favor of Cobb that plaintiffs appeal to this court pursuant to Supreme Court Rule 301 (134 Ill. 2d R. 301). Pattas is not a party to this appeal.

For the reasons that follow, we affirm.

BACKGROUND

It is undisputed that on January 23, 1991, the accident at issue in this case took place near the intersection of 111th Street and Kostner Avenue in Oak Lawn, Illinois. While it was not snowing at the time, there was snow lying flat on the street and some snow blowing in the air.

On that morning, Fred was driving his car in the left westbound

lane on 111th Street on his way to work. At about the same time, Cobb was proceeding in the right westbound lane on 111th Street in her automobile on her way to work. As Fred neared the intersection of 111th Street and Kostner Avenue, an eastbound vehicle, driven by Pattas, swerved across the center yellow lines that divided the eastbound and westbound traffic on 111th Street and struck Fred's car head-on. Cobb was proceeding one car length behind Fred's vehicle in the adjacent right-hand westbound lane when Pattas' car struck Fred's automobile. After the head-on collision, Fred lost consciousness and had no recollection of any further events until he regained consciousness in the hospital. Cobb applied medium pressure to her brakes when she saw Fred's brake lights illuminate, decreasing her speed further below the posted speed limit. However, it was to no avail as Fred's vehicle was pushed by the collision with Pattas' car into Cobb's lane and into her automobile. From the point at which Cobb applied her brakes to the point at which her vehicle came to rest after colliding with Fred's car was about 10 feet. Cobb was then struck from behind by yet another vehicle.

OPINION

■ As a preliminary matter we note that Fred's brief does not contain in its appendix a copy of the judgment appealed from or the notice of appeal. Supreme Court Rule 342(a) provides, in pertinent part:

"(a) Appendix to the Brief. The appellant's brief *shall* include, as an appendix, *a copy of the judgment appealed from,* any opinion, memorandum, or findings of fact filed or entered by the trial judge, *the notice of appeal,* and a complete table of contents, with page references, of the record on appeal." (Emphasis added.) 134 Ill. 2d R. 342(a).

Thus, Fred's brief is in clear violation of Rule 342(a). (134 Ill. 2d R. 342(a).) Compliance with Rule 342(a) is not a matter of little or no importance. The rule's purpose is to require parties to proceedings before this court to present argument in a clear and orderly fashion so that the court may properly ascertain and dispose of the issues involved. This court has inherent authority to dismiss an appeal for noncompliance where an appellant's brief fails to comply with its rules. (*Collier v. Avis Rent A Car System, Inc.* (1993), 248 Ill. App. 3d 1088, 618 N.E.2d 771.) However, as the issues before us are straightforward and the brief is in all other respects adequate, we do not believe that so harsh a sanction as dismissal is warranted in this instance. Accordingly, we shall proceed with what we have been given.

Plaintiffs contend that the circuit court erred in granting Cobb's motion for summary judgment for two reasons: (1) the trial court erred in holding that Cobb owed no duty to Fred; and (2) there existed issues of material fact to be submitted to a jury. We disagree.

■ The granting of summary judgment is a drastic method of disposing of a case that should not be employed unless there is no issue of material fact and it is free from doubt that the movant is entitled to judgment as a matter of law. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867; *Murphy v. Urso* (1981), 88 Ill. 2d 444, 430 N.E.2d 1079.) Nevertheless, the supreme court of Illinois has acknowledged that "summary judgment procedure is an important tool in the administration of justice, that its use in a proper case is to be encouraged and that its benefits inure not only to the litigants, in the saving of time and expenses, but to the community in avoiding congestion of trial calendars and the expenses of unnecessary trials." *Fooden v. Board of Governors of State Colleges & Universities* (1971), 48 Ill. 2d 580, 586, 272 N.E.2d 497.

In a cause of action based on negligence, a plaintiff must establish the existence of a duty, a breach of that duty, and an injury proximately resulting from a breach of that duty. (*Neimiec v. Roels* (1993), 244 Ill. App. 3d 275, 277, 614 N.E.2d 356.) "Whether a duty exists is a question of law to be determined by a court [citation], and thus a motion for summary judgment properly addresses the issue of duty." (*Grove v. City of Park Ridge* (1992), 240 Ill. App. 3d 659, 661, 608 N.E.2d 421, 422.) Absent a legal duty, a plaintiff cannot recover in negligence as a matter of law, and summary judgment in a defendant's favor is proper. *Keller v. Mols* (1984), 129 Ill. App. 3d 208, 472 N.E.2d 161.

■ "In determining whether there exists a genuine issue of material fact, a trial court must construe the pleadings, depositions, admissions and affidavits on file strictly against the movant and liberally in favor of the opposing party." (*Neimiec v. Roels* (1993), 244 Ill. App. 3d 275, 277, 614 N.E.2d 356.) "[W]hen an appellate court is faced with an appeal involving only the propriety of summary judgment, the *de novo* standard of review should be applied—the appellate court, like the trial court, determines whether there is a genuine issue of material fact." *Demos v. National Bank* (1991), 209 Ill. App. 3d 655, 659-60, 567 N.E.2d 1083.

■ In the case *sub judice*, we fail to perceive, after reviewing the record in a light most favorable to Fred, how Cobb was in any way negligent. Illinois courts have long held that a sudden swerve into a defendant's right-of-way by an approaching vehicle does not give rise to negligence by the defendant. (See, *e.g.*, *Wilmere v. Stibolt* (1987),

638

152 Ill. App. 3d 642, 647, 504 N.E.2d 916; *Mitchell v. Ralston* (1971), 130 Ill. App. 2d 759, 762, 266 N.E.2d 424; *Sjostrom v. Sproule* (1962), 34 Ill. App. 2d 338, 344-46, 181 N.E.2d 379.) The facts are clear. Cobb was driving one car length behind Fred's vehicle in the adjacent right-hand lane when Pattas' car struck Fred's automobile. Cobb applied her brakes when she saw Fred's brake lights. A few seconds later, Fred's vehicle and Pattas' car went into Cobb's lane and collided with her automobile. At no time was Cobb driving faster than the posted speed limit and her car came to rest about 10 feet after the collision. There was absolutely nothing that Cobb or any reasonable person in her shoes could have done to prevent or minimize a collision with Fred. Accordingly, we perceive no error by the circuit court in granting Cobb's motion for summary judgment.

In light of the foregoing, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI and CERDA, JJ., concur.